FIRST NATIONAL BANK OF ABERDEEN et al., Respondents, v. CRANMER et al., Appellants.

(175 N. W. 881.)

(File No. 4622.   Opinion filed January 5, 1920.   Rehearing denied February 14, 1920.)

1. **Appeals—Error—New Trial On Minutes—Attempted Settled Record by Deceased Judge's Successor Without Supreme Court Authority, Effect Re Review of Evidence, Findings—Statute— Receiver's Expenditures Re Foreclosure, Non-review Of.**

Where motion for new trial was based upon minutes of court,

notice of intention having set forth specification of error, there being no settled record prior to hearing of motion; trial judge having meanwhile died, his successor having attempted, without authority from Supreme Court under Sec. 2553, Rev. Code 1919, to settle the record; held, there was no settled record; and appellants' brief failing to show it contained all material evidence, Supreme Court cannot review sufficiency of evidence to support findings (Sec. 3149, Rev. Code 1919); but may consider sufficiency of findings to support judgment. Held, further, that the propriety of a receiver's expenditure of money after foreclosure deed issued, will not be reviewed, it being a question whose review involves sufficiency of evidence to support findings.

2. Foreclosure—Rents, Profits, Prior to Foreclosure Deed, Whether Applicable by Receiver to Mortgage Debt—Receivership, Purpose Of—Rents and Profits, Whether Security.

Rents and profits derived from mortgaged premises and accruing prior to issuance of foreclosure deed, belong to mortgagors; trial court was without power to authorize receiver to pay any part thereof on mortgage debt; and while (Sec. 2475, Rev. Code 1919) a receiver is appointable in foreclosure, the sole purpose of receivership is preservation of the property and to do that relative to security which, under foreclosure contract, mortgagor should do—preserve the security and see that no prior liens are created; to which end only receiver may apply rents and profits; the mortgage binding only the land, and rents and profits forming no part of the security.

3. Judgments—Foreclosure Decree Applying Rentals to Mortgage Debt, To Deficiency Judgment, Receiver's Confirmed Report Re, Whether Res Judicata—Judgment, Whether Final.

After deed issued under foreclosure judgment, receiver, who during foreclosure had collected rents, made and procured confirmation of his report, showing balance on hand which he had applied in payment of deficiency judgment; the mortgagors, who defaulted under foreclosure, having appeared and objected to such application of funds and also to application of previous rents as provided in the decree. Held, that the fact that one of said items of disbursement was covered by the judgment, and that mortgagors had so entered their appearance re receiver's report, did not render said judgment res judicata, and objections to said disbursements were properly raised on such report, mortgagors not being relegated to the remedy by appeal from the judgment. Held, further, that the adjudication re application of such funds, even though mortgagors were parties to the trial, is not yet final as to them.

4. Same—Foreclosure Judgment, Personal in Form Against Non-resident Mortgagors—Invalidity of Judgment in personam and Re Receiver's Disbursements.

A judgment in mortgage foreclosure, while in its wording a personal judgment against non-resident, mortgagors over whom court never acquired jurisdiction, and who first became parties in objecting to receiver's report re rents and profits and incidental application of moneys to mortgage debt, is invalid wherein it attempted to apply to mortgage debt such rentals, upon which mortgagees had no lien; and such judgment was not a bar against mortgagors.

5. **Appeal—Receiver's Application of Rentals to Mortgage Foreclosure Debt, Appeal Re—Ownership of Residuary Receivership Funds, Reviewable.**

Upon appeal from an order confirming receiver's report, after judgment in foreclosure, question of present ownership of moneys still in receiver's hands is not reviewable.

6. **Appeal—Brief, Non-conformity of to New Contemporaneous Rules—Brief Not Disregarded.**

Where objection is made to appellants' brief for non-conformity to preesnt rules of Supreme Court, the brief having been prepared at about the time of publication of rules, will not be disregarded because of non-compliance with requirements not contained in old rules.

Appeal from Circuit Court, Brown, County. Hon. THOMAS L. BOUCK, Judge.

Action by the First National Bank of Aberdeen, a corporation, against Emma A. and S. H. Cranmer, for foreclosure of a realty mortgage; a receiver having been appointed *Pendente lite,* to collect and disburse rents and profits. After judgment for plaintiff and upon subsequent report of the receiver, trial court, upon finding of fact and conclusions of law, rendered judgment in the receivership matter, from which latter judgment, and from an order denying a new trial, defendants appeal. Judgment modified, and as modified, affirmed.

*Amos N. Goodman,* and *S. H. Cranmer,* for Appellants.

*Van Slyke & Bartlett,* for Respondents.

(2) To point two of the opinion, Appellant cited, re lien of mortgage: Wager v. Stone, 36 Mich. 365.

(4) To point four, Appellants cited: United States v. Walker, 109 U. S. Sup. Ct. 258, and authorities cited.

WHITING, J. In an action brought by the plaintiff against the Cranmers and others, wherein plaintiff sought the foreclosure of a real estate mortgage given it by the Cranmers, one Gannon was appointed as receiver, both ·pendente lite and

until deed upon foreclosure issued, with authority to preserve the property and collect the rentals therefrom. He collected large sums of money from the rentals. At the time of the rendition of the judgment of foreclosure, the receiver made a report to the court, reporting rentals collected, moneys paid for taxes and repairs, and the balance on hand. Of this report the Cranmers then had no notice. The court directed the payment of such balance, $307.96, to the plaintiff, and, in rendering judgment, credited that amount on the mortgage indebtedness. After the deed on foreclosure issued, the receiver made a report covering the period subsequent to the aforementioned judgment. He reported the rentals collected, the moneys paid out for taxes and repairs, and he sought to be allowed to pay out the balance in his hands for various and sundry things, among which was the satisfaction of the deficiency judgment left on foreclosure sale. This report also recited the former payment of the $307.96 that was applied on the mortgage indebtedness. To these reports the Cranmers interposed an answer, objecting to the allowance of certain of the payments that had been made by the receiver, and also objecting to the receiver being allowed to make certain other payments mentioned by him in his report. On the issues so raised trial was had, the receiver appearing by plaintiff's council. Findings of fact, conclusions of law, and judgment were entered upon this receivership matter. From such judgment and from an order denying a new trial this appeal was taken by the Cranmers; the plaintiff and receiver being named as respondents.

[1] The motion for new trial was based upon the minutes of the court. The notice of intention to move for new trial set forth the specifications of alleged error. There was therefore no record settled prior to the hearing of the motion for new trial. Before there was any attempt to settle the record, the trial judge died. His successor undertook to settle the record, but acted without authority from this court. Section 2553, Rev. Code 1919. Respondents condend, and correctly, that because of such fact there is no settled record. Furthermore, from appellants' brief it does not affirmatively appear that it contains a statement of all the material evidence. These defects render it impossible for us to review the sufficiency of the

evidence to support the findings (section 3149, Rev. Code 1919) ; but such defects do not prevent our considering the sufficiency of the findings to support the judgment—a matter that could be raised if there had been neither motion for new trial nor settled record.

The notice of appeal specifies particularly the portions of the judgment appealed from, and thus eliminates from our consideration several of the alleged errors specified below as well as several assigned in this court.

Appellants question the propriety of the receiver's expenditure of money for. a certain repair. As this presents a question of fact, the review of which would necessitate our passng upon the sufficiency of the evidence to support the court's finding in relation thereto, we cannot, for reasons hereinbefore set out, review same.

The only other matters from which appeal was taken were those parts of the judgment approving the payment of the $307.96 to apply on the mortgage debt, and directing the receiver to pay plaintiff $117.62—the amount of deficiency judgment.

[2] Appellants contend, and correctly, that the rents and profits of the mortgaged premises accruing prior to issuance of the deed on foreclosure belonged to them, and that the trial court was without power to authorize the receiver to use any part thereof to pay the mortgage indebtedness. They cite Rudolph v. Herman, 4 S. D. 283, 56 N. W. 901; Siems v. Bank, 7 S. D. 338, 64 N. W. 167; Kettering v. Barber, 37 S. D. 602, 159 N. W. 133.

It is true that this court has held, in Roberts v. Parker, 14 S. D. 323, 85 N. W. 591, and Sherman v. Wichner, 35 S. D. 436, 152 N. W. 700, that a receiver of mortgaged property can be appointed in foreclosure proceedings. This is specifically provided for by section 2475, Rev. Code 1919. But while, under such statute, the court can unquestionably appoint a receiver, this is for the sole purpose of preserving the property and doing that in relation to the security which, under the mortgage contract, the mortgagor should do, namely, preserve the security and see to it that no liens having priority over the mortgage are created. In order that the receiver may so pre-

serve the security and keep it free from superior liens he may
be authorized to collect the rents and profits coming from the
property. But there is nothing in section 2475, supra, that by
any fair inference can be held to authorize the court to take
hold of such rentals or profits and pay same over to the mort-
gagee. As was well said in Marshall & Ilsley Bk. v. Cady, 76
Minn. 112, 78 N. W. 978:

"A mortgage binds only the land, and the rents and profits
of the premises do not enter into, or form any part of, the
security."

The only question before this court in Roberts v. Parker
or Sherman v. Wichner was the authority of the court to ap-
point a receiver in foreclosure action. Whether rents and profits
collected by such receiver could be applied to the mortgage debt
was not before this court for consideration in either case, and
nothing is said in either case in relation thereto.

[3] Respondents make no contention that the law is other-
wise than as above stated—in fact they make no claim nor
set up any grounds for the support, upon the merits, of these
two provisions of the judgment now under consideration. Their
only contention, other than such as are based upon claimed de-
fects in procedure, is, in effect, that the claims of appellants
have been adjudicated, that the item of $307.96 was covered by
the judgment on foreclosure, and that, "appellants having entered
their appearance herein, said respondents were entitled to the
payment of their deficiency judgment. * * *" And respondents
claim that appellants' sole remedy was by appeal from such
judgment.

[4] Appellants are nonresidents, and the court never ac-
quired jurisdiction over them prior to the foreclosure judgment—
they only became parties to the proceedings upon the referee's
report. Such foreclosure judgment was, in its wording, a per-
sonal judgment against appellants; but the want of personal
service and the failure of appellants to enter an appearance is
disclosed by the judgment roll in the foreclosure action. The
moneys paid by the receiver to the plaintiff were moneys belong-
ing to appellants—they were moneys which the court could not
rightfully have applied to the mortgage indebtedness, even if
appellants had appeared prior to foreclosure judgment. The

foreclosure judgment, in so far as it purported to be a judgment in personam and in so far as it attempted to apply to the mortgage debt moneys of appellants upon which plaintiff had no lien, was an absolute nullity, and could not bar appellants. As regards the $117.62 directed to be paid to satisfy the deficiency judgment, the receiver's sole authority for such payment is the judgment from which this appeal was taken, and therefore the determination of the trial court in relation thereto, even though appellants were parties to the trial resulting in such judgment, is not yet final as to appellants.

[5, 6] Respondents having injected into their brief some matters relating to the present ownership of the moneys in the receiver's hands. These matters are not properly before us, and demand no further consideration. Respondents also contend that appellants' brief does not conform to the present rules of this court. This brief must have been prepared about the time the new rules were published. To disregard the brief because of failure to comply with requirements not contained in the old rules would not be justified under the circumstances.

No reason exists for directing a new trial. It is ordered that the judgment appealed from be modified, so that it direct the receiver to pay to the appellants, in addition to the amount now directed to be paid them by such judgment, the additional sum of $307.95 and interest at 7 per cent. per annum from the date of the judgment on foreclosure and the sum of $117.62, with interest at 7 per cent. per annum from the date of the judgment appealed from herein. As so modified, the judgment is affirmed, without costs to either party.