CRANMER, et al., Plaintiffs, v. ANDERSON, Judge, Defendant.

(182 N. W. 313.)

(File No. 4705.   Opinion filed March 25, 1921.)

1.  Mandamus—Appellate Modification of Appealed-from Order—Mandatory Writ to Lower Court Re Entry of Modified Order, Or Judgment—Matters Occurring After Judgment, Appellate Court's Cognizance Of—Rule Stated.

    A mandatory writ cannot be issued by Supreme Court to a circuit judge, unless it clearly appears that it was the legal duty of latter on return of the remittitur re an appeal, to enter a new order.   The general rule concerning action of lower court upon return of a mandate on appeal being: that

where on trial the case was fully developed as to every question or fact, the appellate court's duty is to reform the judgment in accord with facts shown and views of appellate court opinion; which court in interest of justice may take notice of matters occurring since the judgment appealed from, and may modify the judgment to conform to such matters; the power thus to modify (under statutory authority or requirement) being generally the power to render such judgment as lower court should have rendered, where appellate court possesses all facts and evidence, or otherwise occupies the same position as trial court; while in other jurisdictions, or in the same, where authority to remand for modification is possessed as an alternative mode of relief, appellate court may order the necessary modification to be made by lower court, instead of itself making the correction, it being discretionary either so to do on its own records, or to remand case to lower court with specific directions to make such modification.

2.  **Appeals—Remand Under Reversal, Affirmance, Modification of Judgment or Order—Re Entry Below, Non-Necessity of When —Clerk's Duty—Statutes.**

Under Sec. 3170, Code 1919, providing that upon appeal from a judgment or order Supreme Court may reverse, affirm or modify the judgment or order, and that in all cases Supreme Court shall remit its judgment or decision to trial court, to be enforced accordingly, and that if from a judgment, final judgment shall thereupon be entered in court below in accordance therewith, except where otherwise ordered, held, that thereunder a distinction exists where appeal is from a judgment and where it is from an order; the provision for entry below of final judgment does not include orders. Whether this statute requires circuit court to render and enter new judgment "when not otherwise ordered" or whether entry of such judgment is merely ministerial for clerk below, not decided. Held, further, that under a judgment of the Supreme Court modifying an appealed-from order in a foreclosure suit which approved payments made by a receiver of mortgagor of realty to pay from rents and profits accruing during foreclosure, for certain repairs on mortgaged property and a payment to mortgagee, which judgment was remitted to and filed in circuit court, the order so modified became effective when so filed, the same as though order as modified had been originally entered by trial court itself, and said Sec. 3170 does not require circuit court to enter, anew, the order as modified; this in view also of Sec. 2579, providing that upon decision of an appeal in a civil action by Supreme Court and filing of remittitur with clerk below, the latter shall forthwith enter the judgment in favor of the successful party for the amount of any costs he may

have recovered on the appeal, and that such judgment shall have same force and effect as if rendered by court from which appeal was taken; in such case the judgment of Supreme Court automatically becomes that of circuit court.

3.  **Mandamus—Mandate On Trial Court By Supreme Court Re Enforcement of Modified Order—Non-consideration of by Mandamus.**

  Whether an order of the circuit court modified by Supreme Court on appeal, should be specifically enforced by trial court, or whether it may be modified or changed by the latter upon a proper proceeding and on disclosure of facts justifying modification thereof, are questions primarily determinable by trial court, and cannot be determined or considered by Supreme Court on mandamus.

Original proceeding by Emma A. Cranmer and S. H. Cranmer, against Frank Anderson, as Judge of the Circuit Court of the Fifth Judicial Circuit of the State of South Dakota, seeking a writ of mandamus to compel respondent as Circuit Judge to enter in his court a new order in accordance with the modification by the Supreme Court of an order of the circuit court appealed from. Order granting writ, and writ, vacated, and proceeding dismissed.

*Amos N. Goodman,* and *S. H. Cranmer,* for Plaintiff.

*L. T. Van Slyke,* for Defendant.

SMITH, J.  Original proceeding in mandamus, asking this court to compel respondent as circuit judge to enter in his court a new order in accordance with and embracing a modification made by this court in an order of the circuit court appealed from. The decision of this court, and a sufficient statement of the facts, will be found in First National Bank v. Cranmer et al., 175 N. W. 881.

Briefly stated, the controversy on that appeal arose over an accounting rendered by a receiver appointed by the circuit court in an action for the foreclosure of a mortgage given by the Cranmers to the First National Bank of Aberdeen, in which the trial court, among other things, ordered and directed the receiver appointed in that action to pay over to the Cranmers the sum of $1,608.98 remaining in his hands. From that part of the order the Cranmers took no appeal, the appeal being from another distinct part of the order which approved payments made by the receiver for repairs on the mortgaged property, and a payment to

the First National Bank, of certain sums of money which the Cranmers claimed were not subject to be so used and applied. The money in controversy was a balance of accumulated rentals of the mortgaged property accruing during the year of redemption. This court held that such rentals could not be so applied, and that such parts of the order were erroneous. The order of this court was that the order appealed from be modified so that it direct the receiver—

"to pay to the appellants, in addition to the amount [$1,608.98] now directed to be paid by such judgment [the sums named as improperly paid out]," and that "as so modified the judgment is affirmed, without costs to either party."

The adjudication was duly remitted to and filed in the circuit court, and plaintiff now demands a mandatory order of this court, requiring defendant, as circuit judge, to enter anew in the circuit court the entire order as modified.

[1] It is elementary law that a mandatory writ cannot be issued by this court in this case unless it clearly appears that it was the legal duty of the circuit judge, on the return of the remittitur, to enter a new order. The general rule as to the action of the lower court upon the return of a mandate on appeal is thus stated:

"Indeed, where on the trial the case was fully developed as to every question or fact, it is the duty of the appellate court to reform the judgment in accordance with the facts shown and the views of the appellate court as expressed in its opinion. It is also held that the appellate court, in the interest of justice, may take notice of matter occurring since the judgment, and may modify the judgment to conform to such matters. The power to modify is generally by virtue of statutory authority or requirement; the power to render such judgment as the lower court should have rendered, where the appellate court is in possession of all the facts and evidence, or otherwise occupies the same position as the trial court. In other jurisdictions, or in the same jurisdiction where authority to remand for modification is possessed as an alternative mode of relief, the appellate court may, and frequently does, order the necessary modification to be made by the lower court, instead of making the correction itself, it being held discretionary with the appellate court either to make

the modification on its own records, or to remand the case to the lower court with specific directions to that court to make such modification." 4 Corpus Juris, p. 1150, § 3157.

[2]   Section 3170, Code 1919, provides that—

"Upon an appeal from a judgment or order, the Supreme Court may reverse, affirm or modify the judgment or order. * * * In all cases the Supreme Court shall remit its judgment or decision to the court from which the appeal was taken, to be enforced accordingly; and if from a judgment, final judgment shall thereupon be entered in the court below in accordance therewith, except where otherwise ordered."

In First National Bank of Aberdeen v. Cranmer et al., supra, there was no appeal from the judgment. The order appealed from was not reversed, but was expressly modified, and, as modified, was affirmed.

A reading of section 3170, Code 1919, suggests a distinction where the appeal is from a judgment, and where it is from an order, in that it provides that:

"If from a judgment, final judgment shall thereupon be entered in the court below in accordance therewith, except where otherwise ordered."

The statute does not include orders in this provision. Whether this statute requires the circuit court to render and enter a new judgment "where not otherwise ordered," or whether the entry of such judgment is a mere ministerial act to be performed by the clerk of the lower court, we are not called upon to determine at this time. We are of the view that the order modified and affirmed by this court became effective when filed in the circuit court precisely as though the order as modified had been originally entered by the trial court itself, and that section 3170 does not require the circuit court to enter, anew, the order as modified. This view is reinforced by the provisions of section 2579, Code 1919, which provides that:

"Upon the decision of any appeal in a civil action by the Supreme Court of this state and filing of the remittitur with the clerk of the court from which the appeal was taken, such clerk shall forthwith enter the judgment in favor of the successful party for the amount of any costs which he may have recovered in the Supreme Court and such judgment shall have the same

force and effect as if rendered by the court from which the appeal was taken."

In such case the judgment of this court automatically becomes the judgment of the circuit court.

[3] Whether the modified order should be specifically enforced by the trial court, or whether it may be modified or changed by that court upon a proper proceeding, and the disclosure of facts justifying a modification thereof, are questions which primarily must be determined by the trial court, and cannot be considered or determined by this court in a mandamus proceeding.

The order granting the writ and the writ will therefore be vacated, and the proceeding dismissed at plaintiffs' costs. It will be so ordered.