ROBINSON, Appellant, v. NELSON, et al., Respondents.

(183 N. W. 874.)

(File No. 4831.   Opinion filed June 30, 1921.)

1.  **Pleadings—Realty Foreclosure—Rents, Profits, During Redemption Period, Covered Into Court Re Foreclosure and Paid to Mortgagee—Complaint by Mortgagors for Recovery, Sufficiency of.**

   Where, in a foreclosure suit under a realty mortgage, a receiver of rents and profits during redemption period collected and covered into court certain funds, which were thereafter paid by clerk of court, under a purported order of court obtained without notice to mortgagors, to the mortgagee, and suit was brought by mortgagors' assignee of said funds, against clerk and the mortgagee, to recover said sum, **held**, that a

complaint alleging substantially said facts stated a cause of action against the mortgagee, but not as against defendant clerk.

2. Pleadings—Suit to Recover Rents and Profits Re Foreclosure, Paid By Court Clerk to Mortgagee—Clerk and Mortgagee Defendants—Non-joinder of Causes of Action.

Held, further, that there was no misjoinder of causes of action, there being but one cause of action pleaded.

3. Pleadings—Parties—Recovery By Mortgagors of Money Paid by Court Clerk to Mortgagee Under Court Order Re Foreclosure —Misjoinder of Clerk as Defendant—Point Unavailing On Demurrer.

While, in a suit by mortgagors' assignee against mortgagee and clerk of court who during foreclosure and pursuant to a court order obtained without notice to mortgagors, paid funds covered into court as rents and profits during redemption period, to the mortgagee, the making of clerk a defendant was a misjoinder of parties, yet such misjoinder is not available under general demurrer to complaint.

4. Foreclosure—Deficiency Judgment Against Defendants Non-served With Process, Erroneous Payment of Rents, Profits, to Mortgagee Under Order Without Notice—Want of Jurisdiction.

Where funds, collected during realty foreclosure suit as rents and profits and paid into court, were by clerk paid to mortgagee's assignee, under a Court order made without notice to mortgagors, who had not been served with process in the suit, although a personal deficiency judgment had been rendered against them, held, the court had no jursdiction to order such rents to be paid in satisfaction of such judgment; following First National Bank v. Cranmer, 42 S. D. 404.

Appeal from Circuit Court, Brown County. Hon. FRANK ANDERSON, Judge.

Action by Grant Robinson, against N. E. Nelson, as Clerk of the Circuit Court of Brown County, S. D., and J. H. Suttle, to recover money paid into court during realty foreclosure, as rents and profits, and by clerk of court paid to mortgagee's assignee. From an order sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

*Amos N. Goodman,* for Appellant.

*Van Slyke & Agor,* for Respondents.

(1) Under point one of the opinion, Respondents cited: DeBout v. Pense, 31 S. D. 619.

McCOY, J. From an order sustaining a demurrer to the complaint plaintiff appeals. The complaint in substance alleged

that the defendant Nelson was the clerk of the circuit court; that at all times between the 1st day of February, 1910, and the 16th day of December, 1914, the defendants in the hereinafter mentioned action were the owners of the real estate described in the complaint; that on the 12th day of August, 1913, in a certain action then pending before the circuit court for the foreclosure of a certain mortgage given by said defendants as mortgagors to J. H. Suttle, one of the defendants in this action, the court appointed F. G. Suttle as receiver of said real estate and of the rents and profits thereof in said foreclosure action; that thereafter the said F. G. Suttle qualified as such receiver, and on the 12th day of January, 1915, made his final report and paid into court to the said clerk thereof the moneys received by him as receiver from the rents and profits of said real estate amounting to the sum of $283, and was thereupon discharged as such receiver by the order of said court; that said moneys so collected by said receiver and paid into the hands of said clerk were all collected by said receiver during the time said real estate was owned by said defendants in said foreclosure action and before the expiration of the period allowed by law for redemption from a foreclosure sale, which foreclosure sale took place on the 15th day of December, 1913; that neither said receiver nor either of the defendants in this action have ever paid any of the rents collected from said real estate to the said defendants in said foreclosure action; that on or about the 15th day of January, 1918, the said defendants in said foreclosure action for value received, sold, assigned, and conveyed to the plaintiff in this action all their claim, right, title, and interest, in and to said moneys so collected by said receiver and so paid into the hands of the clerk of said court; that immediately upon the payment of said sum of $283 into the hands of said clerk of said court, and on the 12th day of January, 1915, he, the said clerk of said court without excuse or authority except as herein set forth, paid to said defendant Suttle the identical $283 so paid into court by said receiver as the proceeds of the said rents of said mortgaged real estate; that prior to the commencement of this action demand was made upon the defendants in this action for the payment to this plaintiff of the amount so paid into court by said receiver and so sold and assigned to this plaintiff, but that said defendants neglected and

refused to pay any part thereof to this plaintiff; that the only reason, excuse, or justification said defendants in this action have or claim to have for their failure to pay said moneys to this plaintiff is that at or about the time said moneys were paid into court and by said clerk so paid to said Suttle there was filed in the office of the said clerk of said court a certain order purporting to direct said clerk to pay said moneys to said Suttle to apply upon the purported judgment against said defendants in ·said foreclosure action; that said purported judgment in said foreclosure action was not and did not purport to be a personal judgment against said defendants in that action or either of them or against any other person, but was simply a judgment in rem against the real estate above described and for the foreclosure and sale thereof, and in which action the court had no jurisdiction of the said mortgagors and owners of said real estate and said defendants in said action; that said order purporting to direct the said clerk to apply said moneys was made without any notice to said defendants in said foreclosure action, and that this plaintiff and said defendants in ·the said foreclosure action had no knowledge of the payment of said moneys into court until some time in the month of January, 1918; that a copy of said order purporting to authorize the clerk to pay the said moneys to said Suttle is made a part of this complaint; wherefore plaintiff prays judgment against said defendants for the sum of $283, with interest thereon at the rate of 7 per cent. per annum from the 12th day of January, 1915, together with costs.

[1-4] To which complaint the defendants interposed a demurrer on the grounds: First, that there is a. misjoinder of causes of action; second, that it fails to state facts sufficient to constitute a cause of action; third, that there is a misjoinder of parties defendant. Appellants now assign as error the sustaining of said demurrer. We are of the opinion that the demurrer should have been overruled on the ground that said complaint states facts sufficient to constitute a .cause of action against the defendant Suttle. We are of the opinion that no cause of action is stated in said complaint against the defendant Nelson. We are also of the view that there was no misjoinder of causes of action; that there is but one cause of action alleged in the complaint. We are also of the view that the defendant Nelson was improperly

joined as a party defendant, but that such misjoinder is not available under the general demurrer interposed.   In First National Bank v. Cranmer, 42 S. D. 404, 175 N. W. 881, this court held that the trial court had no jurisdiction to order rents collected by a receiver to be paid in satisfaction of a personal deficiency judgment rendered in a foreclosure action where the defendants, mortgagors, in such action had not been personally served with process or otherwise personally brought within the jurisdiction of the court in the foreclosure action.   While the complaint in question is rather meager in some of its allegations, still, under the liberal rule of construction of pleadings prevailing in this jurisdiction, we are of the opinion that, under the allegations of the complaint, viz. that the court in the foreclosure action had no jurisdiction of the said owners and mortgagors of said mortgaged real estate, and that the said foreclosure judgment did not purport to be a personal judgment against either of said defendants in that action, but only purported to be a judgment in rem against said real estate, evidence might have been properly received showing the probative facts that no jurisdiction was ever acquired over the persons of the said defendants in the foreclosure action, and thus bringing the facts of this case identical with the facts in First National Bank v. Cranmer, supra, in relation to the rents collected by the receiver.

The order appealed from sustaining the demurrer to the complaint is therefore reversed.