TABOUR REALTY COMPANY, Appellant, v. NELSON, et al.,
Respondents.

(184 N. W. 196.)

(File No. 4832. · Opinion filed August 15, 1921.)

**Pleadings—Receivers—Suit by Alleged Assignee of Receiver Funds Against Receiver—Defense That Fund Paid Over to Third Party in Another Suit, Present Plaintiffs Not Parties Thereto—Whether Plaintiffs Estopped by Other Judgment—Complaint, Whether Stating Cause of Action—Demurrer.**

In a suit by a corporation claiming as assignee of former defendants in foreclosure, against one S. who prior to present suit had sued said mortgagor for money and had garnisheed one G. as receiver in the foreclosure suit, having recovered judgment, under which G. as garnishee was ordered to turn over said funds in satisfaction of the judgment, which was done, S. receiving from clerk of courts the amount of his judgment and costs out of said moneys; court having found that the mortgagee and the present plaintiff were estopped from claiming any part of said funds, for the reason that a fraud was perpetrated upon the court in that defendants therein claimed to have assigned said fund to present plaintiff, that said mortgagor was representing present plaintiff as attorney therein, and that judgment was rendered in foreclosure suit in favor of mortgagor for said fund with knowledge and consent of present plaintiff, and that by virtue of proceedings in said suit plaintiff therein (the present main defendant) was entitled to all such proceeds; under which findings judgment of estoppel was entered, and that on payment by G. of said funds to clerk of courts he be relieved from liability as garnishee and as such receiver in foreclosure; **held,** that, it not appearing that present plaintiff was a party to said suit by S. nor to said garnishment proceedings against G, it was not estopped or bound thereby; that no judgment or decree is valid or binding unless founded on and entered pursuant to due process of law; and that a complaint setting forth said facts states a good cause of action, and trial court erred in sustaining demurrer thereto.

Appeal from Circuit Court, Brown County. Hon. FRANK ANDERSON, Judge.

Action by Tabour Realty Company, a corporation, against N. E. Nelson as Clerk of the Circuit Court of Brown County, South Dakota, and J. H. Suttle, to recover the amount of a certain alleged fund in defendant Suttle's hands and formerly in

hands of a receiver in a foreclosure action against parties who are alleged assignors of said fund to plaintiff. From an order sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

Amos N. Goodman, for Appellant.

Van Slyke & Agor, for Respondents.

Appellant submitted that: The judgment in case of Suttle v. Cranmer and Fred Gannon as Garnishes, is absolutely void as to plaintiff-appellant; since, plaintiff Suttle in that action having had notice of present plaintiff's ownership, his duty was to give present plaintiff notice to come in and have rights determined; and cited: Sec. 2469, Code 1919; Black on Judgments, 2nd ed. Sec. 508; 24 Am. & Eng. Encyc. of Law, 2nd ed. 718.

Respondents submitted that: Summons in case of Suttle v. Cranmer et al. having been served on Gannon, receiver, and he by sworn statement having admitted he held such funds and offered to surrender same into court for distribution, court thereupon had jurisdiction over the funds so levied on in garnishment, and to enter judgment declaring the amount defendants therein Cranmer owed plaintiff in present action; and, trial court having jurisdiction in rem, had authority to apply this fund to payment of the judgment, and presumption of regularity would obtain; and before plaintiff in instant case would be authorized to recover such fund, he should first have the order made in the other action set aside, or should have appealed from said order; that, the question of present plaintiff's rights having been so adjudicated with such plaintiff represented by counsel, said judgment is res judicata as to present plaintiff.

SMITH, J. Appeal from an order sustaining a demurrer to plaintiff's complaint. The complaint alleges substantially the following facts: In April, 1916, the First National Bank of Aberdeen began an action to foreclose a mortgage given by one Cranmer and his wife, in which action one Gannon was appointed receiver of the rentals of the mortgaged property pending suit. After foreclosure and deed in January, 1918; the receiver made final report disclosing net proceeds of such rentals in his hands to the amount of $1,608.98. On September 4, 1918, the trial court entered an order approving and allowing said report and directing the receiver to pay over said money to the Cranmers.

Thereafter, and on September 28, 1918, Suttle, the defendant in this action, commenced an action against the Cranmers. In that action Gannon was served as garnishee, and made return denying that he had in his possession money or property belonging to the Cranmers. Said return also set forth the receivership proceedings above referred to, stating that he had in his possession as such receiver $1,608.98; that an order had been entered by the court in the foreclosure action directing him to pay said money to the Cranmers; that prior thereto there had been exhibited to him a written assignment purporting to be executed by the Cranmers assigning the funds in his hands as receiver to the Tabour Realty Company, which assignment he ignored; that, at the time the order was entered directing the receiver to turn the funds over to the Cranmers, one Goodman, an attorney at law, acted for and represented the Cranmers, and was also attorney for the Tabour Realty Company, assisting in procuring said order of September 4, 1918, all of said parties having knowledge of said purported assignment of said funds to the Tabour Realty Company; that demand had been made for payment of said fund to the Tabour Realty Company; that said receiver did not know to whom said money belonged, whether to the Cranmers, to the Tabour Realty Company, or whether accountable as garnishee in the action by Suttle against the Cranmers, and that he would pay the money as directed by the court.

The complaint further alleges that about February 4, 1918, the Cranmers assigned in writing and conveyed to the Tabour Realty Company, plaintiff herein, the money thus in the hands of Gannon as receiver; that the Tabour Realty Company, in February, 1918, presented said written assignment to said receiver, and demanded said money, which demand was, and at all times has been refused; that the defendants Suttle and Nelson at all times knew that said fund had been assigned to Tabour Realty Company as disclosed by the answer of Gannon in the garnishment proceeding; that in the action begun by Suttle on September 28, 1918, in which Gannon was served as garnishee, the summons and complaint, together with the garnishment summons, were served on the Cranmers in Minneapolis on November 18, 1918; thereafter on May 12, 1919, the Cranmers being in default, the trial court entered judgment against them in favor of Suttle for

$1,394.16, and further ordered and adjudged that the funds in the hands of Gannon as garnishee be applied in satisfaction of said judgment, that said Gannon deliver said fund to defendant Nelson, then clerk of said court, and that said clerk apply the same in satisfaction of a special execution on said judgment, which was done—Suttle receiving from the clerk the amount of his said judgment and costs, out of said moneys. In addition to findings of fact and conclusions of law upon which said judgment was entered, the trial court also made and entered the following finding of fact:

"VI. The court further finds from the evidence that S. H. Cranmer and Tabour Realty Company are estopped from claiming any part of the funds in the hands of said garnishee defendant. Fred Gannon, for the reason that a fraud was perpetrated upon the court, in that the defendants claim to have assigned such fund to the Tabour Realty Company, and at the same time the defendant S. H. Cranmer was representing the Tabour Realty Company as attorney, and that thereafter a judgment was entered in the above court in favor of S. H. Cranmer and Emma A. Cranmer with the knowledge and consent of the Tabour Realty Company; and that by reason thereof, both Emma A. Cranmer and S. H. Cranmer and Tabour Realty Company are estopped from having or claiming to have any right in and to the funds in the hands of said garnishee defendant Fred Gannon, and that, by virtue of the proceedings herein, the plaintiff J. H. Suttle is entitled to all of such proceeds."

Upon this finding of fact the trial court entered judgment decreeing an estoppel against the Cranmers and the Tabour Realty Company from claiming any interest in the funds in the hands of Gannon, and further adjudged that, upon payment by Fred Gannon of said funds to the clerk of court, the said Gannon be relieved from all liability as garnishee and from all liability on account of funds remaining in his hands as receiver in the case of First National Bank against the Cranmers. Upon all the foregoing facts set forth in the complaint, respondent contends that the Tabour Realty Company, plaintiff in this action, cannot recover the funds in the hands of defendant Suttle, for that the foregoing finding of fact and judgment constitute a binding estoppel against such claim. It is appellant's contention that no.

such estoppel can exist for the reason that the Tabour Realty Company was never made a party defendant in said action or to said garnishment proceedings against Gannon. The Tabour Realty Company was not a party to the garnishment proceedings, nor was it a party to the action of Suttle against the Cranmers in which said finding of fact and judgment of estoppel were entered, and is in no manner otherwise estopped or bound thereby. No judgment or decree against any person is valid or binding unless founded upon and entered pursuant to due process of law. The demurrer in this case, so far as it was founded upon improper joinder of parties or causes of action, is disposed of by the decision of this court in Robinson v. Nelson et al., 183 N. W. 874, not yet [officially] reported. We are of the view that the complaint states a cause of action and that the trial court erred in sustaining the demurrer thereto.

The order of the trial court is reversed.