SHₐRMAN, Respondent, v. WICHNER et al. (Coffman, Appellant.)

(152 N. W. 700.)

(File No. 3720.   Opinion filed May 24, 1915.)

1. **Mortgages—Foreclosure—Receiver, Grounds of Appointment—Rents and Profits.**

   In an action to foreclose a mortgage a receiver of the mortgaged property may be appointed where it appears that the conditions of the mortgage have not been performed, and that the property is probably insufficient to discharge the mortgage debt; and the receiver may collect and retain rents and profits, subject to the court's order.

2. **Same—Appointment of Receiver, Complaint as Basis—Necessary Allegations.**

   An application for a receiver in a mortgage foreclosure suit may be based on the complaint alone, if properly verified and containing necessary allegations disclosing a cause of action in which a receiver may be appointed, and that the applicant is entitled to the remedy; but it need not contain all allegations disclosing right to a receiver.

3. **Foreclosure—Receiver—Mortgage Security—Sufficiency of Petition to Show Inadequacy of.**

   A petition for appointment of a receiver on mortgage foreclosure, merely alleging that the value of the mortgaged premises is probably insufficient to pay the mortgage debt, is insufficient to show such fact.

4. **Receivership—Appointment of Without Notice—Hearing Constituting Waiver of Objection.**

   In an action to foreclose a mortgage, involving the appointment of a receiver, while the Supreme Court will not, upon the record here before it, determine the question whether the receiver was appointed without due notice, yet, **held**, that such objection is not tenable where, as in the case at bar, the defendant, upon motion to discharge the receiver, is shown to have had a hearing which served the purpose of a notice in the first instance.

5. **Appeals—Record—Appeal From Ex Parte Order—Notice of Order, Before Appeal—Scope of Review.**

   Upon an appeal from an order, made ex parte, appointing a receiver, appellant's contention being that he had had no notice of the order, and that an ex parte order should not have been made, **held**, that, it appearing from the appeal record that appellant had moved to set aside said order and that on the hearing on the motion he was apprised of the trial court's ruling in making the order, the Supreme Court will determine the

rights of the parties on the whole record, it appearing that a subsequnt order, made upon the motion to set aside, and modifying the order appealed from, had not been entered below when the appeal was perfected.

Appeal from Circuit Court, Tripp County.   Hon. WILLIAM WILLIAMSON, Judge.

Action by Henry G. Sherman against Emil H. Wichner and others, to foreclose a mortgage. From a judgment for plaintiff, defendant Mart Coffman appeals.   Affirmed.

*N. D. Burch,* and *E. O. Patterson,* for Appellant.

*W. J. Hooper,* for Respondent.

(1) Under point one of the opinion, Appellant cited: Code Civ. Proc., Sec. 227; Roberts v. Parker, 14 S. D. 323, 85 N. W. 591.

(3) Under point three of the opinion, Appellant cited: Bank of Woodland v. Stephens et al., 144 Cal. 659, 79 Pac. 379.

Respondent submitted that:   There is sufficient allegation in the complaint to show that the mortgaged property was in danger of being lost, removed or materially injured.

(5) Under point five of the opinion, Respondent cited: Pignaz v. Burnett et al., (Cal.) 51 Pac. 48; Code Civ. Proc., Sec. 462.

SMITH, J.   Action in circuit court, Tripp county, to foreclose a mortgage on certain real property known as the Sherman Hotel, in the town of Colome.   The complaint contained the usual and sufficient allegations of the execution and delivery of the mortgage, and default in its conditions prior to the commencement of the action; also that the mortgaged premises were rented to tenants at a rental of $75 per month, and—
"that the value of the said mortgaged premises is probably insufficient to pay the amount of the mortgage indebtedness, besides accrued taxes and necessary insurance, besides costs of the action."

The complaint contains the further allegation:

"That justice and equity require that a receiver be appointed to take possession of said mortgaged property and collect all rents and profits arising therefrom during the pendency of this action"

—and prays a further order that:

The rents and profits "may be applied to the payment of any deficiency which may exist in the mortgage indebtedness after paying the principal, interest, costs, attorney's fee, taxes, and indebtedness."

Plaintiff verified the allegations of the complaint as "true of his own knowledge." The verified complaint was presented to the trial court, and, without notice to defendants, the court forthwith made an order reciting:

"This court being satisfied that justice and equity require the appointment of a receiver to collect the rents and profits during the pendency of this action"

—and appointing A. B. Hancock as receiver with authority to take possession of the mortgaged premises, to collect the rents and profits during the pendency of this action, and out of the rents and profits to pay the taxes, insurance on the premises, all as covenanted in the mortgage, and to retain the balance from such rents until the further order of the court. It was further ordered that the receiver execute a bond in the sum of $2,000, and take the oath required by law, and that upon his qualification the defendants, and all persons claiming under them, refrain from interfering with the receiver or his possession of the premises, and further directing the tenants to pay to the receiver rents accruing under the lease. This order was made on July 31, 1914, filed and entered August 6, 1914, served on appellant August 12, 1914, and on the last-named date the receiver took possession of the property. Defendant excepted to the order appointing the receiver, and alleges error therein for the reasons: First, that the complaint fails to state facts sufficient to entitle the plaintiff to the appointmen of a receiver; second, that the court did not require plaintiff to give a bond before issuing the order, etc.; third, that the order was made ex parte, without notice. Respondent amended the statement of facts in appellant's brief by showing that on August 25, 1914, appellant served notice of a motion, returnable August 31st, to vacate the order appointing a receiver, for the reasons that: (1) Said order is contrary to law, and the court was without jurisdiction to make the same; (2) because the order was made before the commencement of the action, and therefore void; (3)

because the order was on an ex parte application without proof, and no bond was given; (4) that the complaint fails to state facts entitling plaintiff to the appointment of a receiver; (5) because defendants are entitled to possession of the property under section 2054 of the Civil Code, and the defendants cannot be legally dispossessed by a receiver; (6) because the property is not probably insufficient to pay the amont of the mortgage, but is ample security therefor, as shown by affidavits annexed and served, "numbered from 1 to 27," and that the order covers personal property upon which plaintiff has no lien, and it is impossible to determine what part of the rent is paid for the building, and what part for the personal property. This motion came on for hearing August 31st, and thereafter the court entered another order reciting that the court had considered the affidavits attached to and served with the motion, and also affidavits offered in rebuttal, and that, being fully advised, the court finds from such affidavits:

"That the probable value of the property set out in the complaint is not sufficient to pay the mortgage indebtedness, besides taxes, insurance, and costs."

And the court found and determined that the order should be modified so as to allow the defendant Mart Coffman, to collect $20 a month for the use of his furniture, and that the plaintiff should execute a bond in the sum of $500, as provided by section 229 of the Code of Civil Procedure, said bond to be executed within ten days from the date of the order, whereupon it was—

"ordered that said order above mentioned be modified as hereinbefore mentioned, and the receiver heretofore appointed is directed to pay to the said Mart Coffman $20 of the proceeds received by him for rents, and said plaintiff is directed to file the above bond mentioned, within ten days from this date. * * * Otherwise the order shall remain in full force, virtue, and effect."

This order was dated and entered October 12, 1914, and at the time the motion was considered and decided appellant had answered the complaint in the action, in which answer defendant, among other things admitted default in the conditions of the mortgage. It is alleged, and not denied, that plaintiff executed

and filed a bond in compliance with the order of October 12th, and that the same was duly approved.

[1] It is settled in this state by statute and by the decision of this court in Roberts v. Parker, 14 S. D. 323, 85 N. W. 591, that in an action to foreclose a mortgage a receiver of the mortgaged property may be appointed where it appears that the conditions of the mortgage have not been performed, and that the property is probably insufficient to discharge the mortgage debt; that the receiver may take possession of the mortgaged premises, and collect and retain the rents and profits subject to the control and disposition of the court.

Appellant contends, however, that the order appointing the receiver was erroneous, for two reasons: First, that it was made without notice; and, second, that the allgations of the verified complaint upon which the order was made were insufficient to sustain the order, in that it was a conclusion, and not a statement of facts from which it was made to appear that the mortgaged property was probably insufficient to discharge the mortgage debt. The allegation in the sworn complaint is:

"That the value of the said mortgaged premises is probably insufficient to pay the amount of mortgaged indebtedness, besides accrued taxes and necessary indebtedness, besides costs of the action."

Such an allegation was held insufficient in Bank v. Stephens, 144 Cal. 659, 79 Pac. 379.

But, as the record before us, for the reasons hereinafter stated, precludes a reversal upon any of the grounds urged by appellant, we find it unnecessary to consider or decide the legal questions so ably presented in appellant's brief. One of appellant's assignments of error is "That the court did not require plaintiff to give a bond," etc., as required by section 229, Code Civil Procedure. The original order as shown by the record only required that, "before entering upon the duties of said trust, he [the receiver] execute a bond * * * conditioned as required by law * * * in the penal sum of $2,000." It is likewise unnecessary to determine in this case whether the appeal should have been from the original or amended order hereinbefore referred to.

[2] The question decisive of this appeal is whether, upon the whole record, appellant has shown prejudicial error. An application for a receiver may be based upon the complaint alone, if it be properly verified, and contain the necessary allegations. 1 Till. & Sher. Prac. 745; Edw. Receivers, 77. But in such case it is essential that the complaint disclose a cause of action in which a receiver may be appointed, and that the allegations of fact be sufficient to show the application entitled to the remedy. It is not necessary that the complaint contain all the allegations disclosing the right to a receiver, but only that it. contains such allegations as are essential to constitute an action in which a receiver may be appointed. But, when not contained in the sworn complaint, the additional facts to show the applicant entitled to the remedy must appear by affidavits accompanying the complaint. Elwood v. First Nat. Bank, 41 Kan. 475, 21 Pac. 673.

[3] The complaint in this case, properly verified, discloses two of the essential facts: First, that the action is to foreclose a mortgage; and, second, "that the conditions of the mortgage have not been performed." But it does not sufficiently allege or show that the mortgaged property is probably insufficient to discharge the mortgage debt.

But appellant's motion to vacate the order appointing the receiver, among other things, was "because the property. is not 'probably insufficient to pay the amount of the mortgage,' but the said property is ample security therefor, as is shown by the annexted affidavits in support of this motion, being Exhibits 1 to 27."

Upon the hearing of this motion upon affidavits of both parties relating to the value of the property, the court, by its order of October 12th, above quoted, found as a fact that "the probable value of the mortgaged property is not sufficient to pay the mortgage indebtedness," and directed the giving of a bond by plaintiff, as provided by section 229, Code Civil Procedure. That this bond was given is alleged by respondent, and not de-nied by appellant.

[4] In Edwin Hancock v. American Bonding & Trust Co., 86 Ill. App. 630, it was held as stated in the syllabus:

"The objection that a receiver has been appointed without notice is not tenable where the defendant, upon his motion to

discharge the receiver before an appeal, has had a hearing which served all the purposes of a notice in the first instance."

In Iroquois Furnace Co. v. Kimbark, 85 Ill. App. 399, upon a motion to vacate an order appointing a receiver, on the ground that the appointment was made ex parte and without notice to appellant, the court said:

"We are of opinion that, under the circumstances of this case, notice might and should have been given to appellant of the application for the order. But it is conclusively shown by the record that appellant has suffered no prejudice by reason of lack of such notice; for upon a full hearing participated in by appellant the court afterwards denied a motion to vacate the order of appointment. The order should not, therefore, be reversed, and the court below put merely to the re-entering of an order upon notice which that court has already determined to be proper upon a full hearing. The error complained of is an error shown to have been without prejudice, and to reverse upon that ground alone would be to require needless proceedings in the trial court." Brown v. Luehrs, 79 Ill. 581; O'Kane v. West, etc., Store Co., 72 Ill. App. 299; Cook County Brick Co. v. Kachler, 83 Ill. App. 453; Elwood v. First Nat. Bank, supra; Werborn's Admin'r v. Kahn, 93 Ala. 201, 9 South. 729.

Appellant's notice of appeal, in addition to an appeal from the order of July 31st, contains this recital:

"And this defendant being also aggrieved by the order of said court overruling the motion of the said defendant to vacate the aforesaid order, the said defendant Mart Coffman does hereby appeal * * * from the said order appointing a receiver, and from the order overruling the defendant's motion to vacate the said order, and from the whole of both of said orders."

[5] The notice of appeal, while insufficient to present for review the order of October 12th, is sufficient to show that appellant was apprised of the ruling of the trial court on the motion to vacate, at the time this appeal was perfected, and, the entire record being before us, it semes clear that appellant has not been prejudiced by the order of July 31st, whether erroneous or not.

The order of the trial court is therefore affirmed.