SHERMAN, Respondent, v. HARRISBURG LOAN CO.,
Appellant.

(194 N. W. 652.)

(File No. 5240.   Opinion filed July 2, 1923.)

**Mortgages — Receivers — Foreclosure — Receiver May Be Appointed Where Property Is Probably Insufficient to Discharge Debt.**

Under Rev. Code 1919, Sec. 2475, subd. 2, a receiver may be appointed in an action to foreclose, where the conditions of the mortgage have not been performed and the property is probably insufficient to discharge the debt, notwithstanding Sections 1558, 1531, 2898, 2913, and 2690, as to mortgagor's right to the use, rents, and profits.

Appeal from Circuit Court, Lincoln County; Hon. L. L. Fleeger, Judge.

Action by J. P. Sherman against the Harrisburg Loan Company. From an order appointing a receiver, defendant appeals. Affirmed.

*Kirby, Kirby & Kirby,* of Sioux Falls, for Appellant.

*N. B. Bartlett,* of Sioux Falls, for Respondent.

Appellant cited: Rev. Code 1919, Secs. 1558, 1531, 2898, 2913, 2690; Rudolph v. Herman, 4 S. D. 283; Seims v. Bank, 7 S. D. 338; Kettering v. Barber, 37 S. D. 602; Bank v. Cranmer, 42 S. D. 404.

Respondent cited: Rev. Code, Sec. 2475; Roberts v. Parker, 14 S. D. 323; Sherman v. Wichner, 35 S. D. 436.

GATES, J.  This is an appeal by the owner of mortgaged real property from an order appointing a receiver made under the provisions of subdivision 2, § 2475, Rev. Code 1919, which provides that a receiver may be appointed:

"In an action by a mortgagee for the foreclosure of his mortgage and sale of the mortgaged property where it appears that the mortgaged property is in danger of being lost, removed or materially injured, or that the conditions of the mortgage have not been performed, and that the property is probably insufficient to discharge the mortgage debt."

The application by the mortgagee alleged facts constituting both of the grounds for the appointment of a receiver mentioned in the foregoing quotation from the statute.  The owner of the

mortgaged property denied the facts constituting the first-mentioned ground—i. e., denied that waste had been committed—but did not deny the existence of facts constituting the latter ground. The court, in the order, found that the conditions of the mortgage had not been performed and that the property was probably insufficient to discharge the mortgage debt, and thereupon appointed a receiver.

It is the contention of counsel for appellant that notwithstanding the above statute it is only when waste has been committed or suffered that a receiver can be appointed. They say that the mortgagor or his successor in interest "is entitled to the use, rents and profits without let or hindrance until the fee passes by foreclosure." They refer to sections 1558, 1531, 2898, 2913, and 2690 as the reason for their claim, and they profess to rely upon Rudolph v. Herman, 4 S. D. 283, 56 N. W. 901; Siems v. Pierre Savings Bank, 7 S. D. 338, 64 N. W. 167; and Kettering v. Barber, 37 S. D. 602, 159 N. W. 133.

But in none of these cases was the matter of the appointment of a reeciver involved.

The question now raised has been twice thoroughly considered and squarely passed upon by this court, viz., in Roberts v. Parker, 14 S. D. 323, 85 N. W. 591, and Sherman v. Wichner, 35 S. D. 436, 152 N. W. 700, wherein it was held that a receiver could be appointed under the circumstances here shown.

Following those decisions, the order appealed from is affirmed.

DILLON, J., not sitting.

Note.—Reported in 194 N. W. 652. See Headnote, American Key-Numbered Digest, Mortgages, Key-No. 468(3), 27 Cyc. 1624.