AGRICULTURAL CREDIT CORPORATION, Respondent, v. PETERSON, et al, Appellant.

(241 N. W. 605.)

(File No. 7187. Opinion filed March 22, 1932.)

*Theodore R. Johnson,* of Sioux Falls, for Appellant.

*Walter Stover* and *Alfred B. Jaynes,* both of Watertown, for Respondent.

CAMPBELL, P. J. In March, 1928, plaintiff instituted the above-entitled action for the foreclosure of a second mortgage on real estate in Brown county, fee title to the premises being in Mary Peterson, one of the defendants. Plaintiff sought foreclosure and deficiency judgment on the debt, and, as ancillary relief, the appointment of a receiver.

Pursuant to plaintiff's application, a receiver was appointed in April, 1928, and in May, 1928, defendants made an unsuccessful attempt to have the trial court vacate the order appointing the receiver. In June, 1928, judgment was entered in favor of plaintiff and against defendants in the foreclosure action, and the receivership was continued pending the further order of the court. In

August, 1928, the realty was sold upon foreclosure and the sale confirmed. In October, 1929, the receiver filed his final report and asked approval and confirmation thereof and his discharge. This report showed in detail all the receiver's receipts and all his disbursements and the purposes for which made, and showed that he had collected rentals and had disbursed the same, inter alia, in payment of taxes and in payment of interest and installments of principal falling due upon prior incumbrances, etc.

Upon the filing of the receiver's final report, the trial court fixed a time and place for hearing thereon and issued its order directing the defendants to appear and show cause at such time and place, if any they had, why the report of the receiver should not be approved and allowed and the receiver discharged. The show cause order provided that such order, together with a copy of the receiver's final report, be personally served on the defendants, and this was done.

At the time fixed in the show cause order, October 18, 1929, no appearance was made and no objections were filed (Rule 7, relating to trust estates) by the defendants, or either of them, and on that day the learned trial judge duly made, entered and filed his order, in all things allowing and approving the report of the receiver as made, and discharging the receiver. No written notice of the filing of this order (section 3147, R. C. 1919) was served upon the defendants.

Approximately six months later (April 11, 1930) this court handed down its decision in Knudson v. Powers, 56 S. D. 613, 230 N. W. 282. By that decision it was established for the first time as the law of this state that certain disbursements (which, pursuant to the general practice and understanding of attorneys in no inconsiderable portion of this state, had previously been regarded without question as proper and legitimate expenditures on the part of a receiver in a foreclosure action) were not in fact proper expenditures to be made by a receiver on foreclosure, and that the receiver should not be allowed credit upon his accounting therefor.

After receiving and disregarding the court's order in the instant case to appear and show cause on October 18, 1929, why the receiver's report as made, filed, and served should not be al-

lowed and confirmed, defendants took no steps whatever for a little over a year. On October 25, 1930, defendant Mary Peterson applied to the trial court upon affidavit, reciting that, although the copy of the receiver's final report and the order to show cause why the same should not be approved had been served upon her, she had failed by inadvertence and excusable neglect to appear and object to said report, and prayed that she be relieved from her default, that the order of October 18, 1929, approving the receiver's report be vacated, and that she have leave to make and file objections to the allowance and approval of said report. Upon this application of Mary Peterson the court issued its order directing plaintiff to show cause at a time and place fixed why Mary Peterson should not be excused from her default, the order approving the final report of the receiver vacated, and said Mary Peterson permitted to make objections to the allowance thereof. Plaintiff appeared at the time and place fixed, but defendant Mary Peterson apparently abandoned her effort to be relieved from her default and have the proceedings opened up, for she made no appearance whatever. The learned trial court thereupon made and entered its order reciting the application of Mary Peterson to be relieved from her default, her failure to appear in support thereof, and finding, upon all the files and records and the evidence submitted by plaintiff, that Mary Peterson had full knowledge and legal notice of the contents of the receiver's final report, the time when the same would be brought on for allowance and approval, and had entirely failed to establish that her default in said matter was the result of any mistake, inadvertence, surprise, or excusable neglect, and therefore that the application of Mary Peterson to open up the matter was in all things denied, and refusing to modify or vacate the order of October 18, 1929. This order was dated, entered, and filed December 1, 1930, and notice of the entry thereof was served upon counsel for defendant Mary Peterson on December 1, 1930.

Under those circumstances, paying no further attention to the order of December 1, 1930, denying her application to be relieved of her default, and making no attempt to appeal therefrom, defendant Mary Peterson undertook, by service of notice of appeal on December 18, 1930, to appeal to this court from the order of October 18, 1929, and upon this appeal she seeks to challenge said order upon the merits and to maintain that a receiver ought never

to have been appointed, and that certain items of disbursement credited to him upon his final account were improper within the rule established by this court in Knudson v. Powers, supra.

A preliminary question is whether the order of October 18, 1929, was made (in contemplation of law) upon notice to the appellant. That the report of the receiver in detail and the order to show cause on October 18, 1929, why the same should not be allowed and approved were personally served upon the appellant by the sheriff of Minnehaha county, pursuant to the order of the court and prior to the hearing date, is not disputed. Appellant maintains, however, that, pursuant to section 2589, R. C. 1919, service should have been made upon her attorney, and that service upon her personally was not effective for any purpose. The statute in question reads as follows: "Where a party shall have an attorney in the action, the service of papers shall be made upon the attorney, instead of the party."

Respondent contends that an order to show cause is in the nature of process, and therefore, by the specific provision of section 2590, R. C. 1919, § 2589, above quoted, is not applicable. Respondent further contends that section 2589, R. C. 1919, by its terms, applies to actions; that a receivership in connection with an action to foreclose a mortgage is not in itself an action, but is a provisional remedy (section 2382, R. C. 1919), and a special remedial proceeding (sections 2091, 2092, R. C. 1919), and that procedure therein, including the manner of giving notice of hearing, etc., is governed specifically by rules 7 and 12 relating to trust estates (46 S. D. preliminary page IX) promulgated by this court, pursuandt to the authority of chapter 156, Laws 1923. We are fully convinced that respondent is right in this second contention, and we need not therefore decide the validity of the first. It might further be noted in this connection that appellant, having applied to the trial court in October, 1930, for relief from the order of October 18, 1929, upon the ground that she had full notice of the application therefor, but inadvertently and by excusable negligence failed to appear, should not now be heard to controvert that admission and deny notice.

We shall proceed to deal with the matter, therefore, on the basis that appellant had full and complete notice of the contents of the receiver's final report, and that application would be made

at a given time and place for the approval thereof, and, notwithstanding such notice, failed to appear or file objections. The order as entered on October 18, 1929, approved the receiver's report exactly as made and filed with no change whatever. It is clear beyond question that the trial court on October 18, 1929, when such order was made and entered, had complete jurisdiction both of the parties and of the subject-matter.

■ Respondent contends that, inasmuch as the order of October 18, 1929, though denominated an order, is the final adjudication between the parties as to the matters therein dealt with, and in fact terminates the receivership proceedings, it is a judgment within the definition of section 2484, R. C. 1919, and consequently, under section 3147, R. C. 1919, is not appealable after the expiration of one year from its signing, attesting, and filing, even though no written notice of the filing thereof is given. To this contention we are unable to agree. We think the order of October 18, 1929, was an order as distinguished from a judgment, and that, under section 3147, R. C. 1919, written notice of the filing thereof must be given to start the sixty-day period for appeal running, unless there is a sufficient waiver thereof.

Respondent further contends that, assuming appellant could either appeal from the order of October 18, or could apply to the circuit court to be relieved of her default in connection therewith, these remedies were alternative, and, by applying to the circuit court in October, 1930, to be relieved of her default, she elected to pursue that remedy, and, having subsequently abandoned it, she cannot now pursue the remedy of appeal. In this contention there is considerable merit. See Irwin v. Lattin, 29 S. D. 1, 135 N. W. 759, Ann. Cas. 1914C, 1044; Carlberg v. Fields, 33 S. D. 410, 146 N. W. 560; Keyes v. Baskerville, 42 S. D. 381, 175 N. W. 874. We think it is unnecessary, however, to undertake to determine this precise point in this case.

■ We prefer to base our decision specifically upon the following grounds: It is the contemplation of our whole appellate procedure that the function of this court upon appeal in all matters going to the merits (as distinguished from questions of jurisdiction, etc.) shall be limited to determining whether the court below was right or wrong in its action when the question was pre-

sented below. Our whole law of appeal contemplates (when the court below has jurisdiction of the parties and of the subject-matter and there is no lack of notice) that questions as to the merits of a controversy shall be first presented and adjudicated in the court below, and thereafter the action of that court shall be reviewed by this court on appeal. No question of jurisdiction is involved in this case. Appellant had full and legal notice of the application for the precise order which was in fact entered on October 18, 1929. Whether that order was right or wrong on the merits, there is no possible question of the power, jurisdiction, and authority of the trial court to make the order. Appellant is now seeking to present in this court for the first time on this appeal questions as to the merits which, notwithstanding ample notice and full opportunity, she entirely and inexcusably failed to present or litigate in any manner in the trial court. This she cannot do.

The order appealed from is affirmed.

POLLEY, ROBERTS, WARREN, and RUDOLPH, JJ., concur.