PRATT, Appellant, v. MINAHAN, et al, Respondents.

(230 N. W. 281.)

(File No. 6913.   Opinion filed April 11, 1930.)

*A. J. Cassidy,* of Lake Andes, for Appellant.

*G. J. Padrnos;* of Geddes, and *Ward B. Dyer,* of Platte, for Respondents.

BROWN, P. J.   In an action to foreclose a real estate mortgage a receiver was appointed on August 16, 1927, to collect rentals and disburse the same under direction of the court.   Under decree of foreclosure the mortgaged premises were sold to the mortgagee on December 7th, leaving a deficiency of $564.06.   No redemption was made and on December 8, 1928, a sheriff's deed was issued to the purchaser.

On August 18, 1928, the purchaser paid the 1927 taxes on the land in the sum of $276.80.   On April 19, 1929, he paid the first half of the 1928 tax in the sum of $107.65, and on May 17, 1928, he paid $35.30 interest due on a prior mortgage, and has made

interest payments thereon to April 1, 1928, amounting in all to $1,291.52.

The receiver collected in all the sum of $991.52 for rentals and from an order refusing to direct the payment of this sum to the mortgagee and directing that it be paid to the mortgagors, the mortgagee appeals.

The trial court was without power to authorize the receiver to pay any part of the rentals to the mortgagee to apply on the deficiency judgment, First National Bank v. Cranmer, 42 S. D. 404, 175 N. W. 881, or to the payment of taxes or of interest on a prior mortgage on the land, Knudson v. Powers (S. D.) 230 N. W. 282, this day handed down. Under the provisions of chapter 223, Laws 1923, the purchaser at the foreclosure sale may pay any taxes becoming delinquent on the land and any interest due on a prior mortgage up to the time of redemption and have the amount of such payments included in the sum necessary to be paid for redemption. Whether or not, if no redemption is made, the purchaser may maintain an action against the mortgagor for the recovery of any sums so paid is a question that is not before us on this appeal and on which no opinion is expressed. The mortgagee, of course, has the usual remedy by execution for the collection of his deficiency judgment. All that is here decided is that while the mortgagor is entitled to possession the rents and profits cannot, by means of the appointment of a receiver, be taken to apply on any part of the mortgage indebtedness or in payment of interest on a prior mortgage or taxes on the mortgaged premises.

The order appealed from is affirmed.

SHERWOOD, CAMPBELL, and BURCH, JJ., concur.

POLLEY, J., not participating.