HARMS, Respondent, v. MILLER, et al, (Peterson, et al, Intervenors), Appellants.

(230 N. W. 766.)

(File No. 6127.   Opinion filed May 10, 1930.)

*Sterling, Clark & Grigsby,* of Redfield, for Appellants.
*Bruell & Henderson,* of Redfield, for Respondent.

SHERWOOD, J.   Respondent brought this action to foreclose a real estate mortgage on 400 acres of land.   The complaint, so far as necessary to present the issues, alleged:   The execution, conditions, and assignment of the mortgage.   Default in the payment of taxes and interest on the land for several years.   Also default in keeping up insurance on buildings.   It then alleged: That the mortgage on the land is for $28,000, and the market value of the land at the time the action was brought was only $20,000; that the land would not sell for enough to pay the mortgage debt, costs of foreclosure, and taxes.   That defendant J. O. Bahde, who was the grantee of the mortgagor and the present owner of the land, did not assume payment of the mortgage debt when he bought the land.   That it was necessary to have a receiver appointed to take charge of the land, collect rentals, and pay taxes, to prevent taking tax deed, also to protect and preserve the property and keep buildings insured during foreclosure period.   The prayer was in part:   "That the receiver collect the rents, pay taxes and insurance and for such relief as the court may deem equitable and just."

To this complaint Mrs. Walter A. Peterson and Mrs. R. I. Coleman, daughters of defendant Bahde, filed petitions in intervention, alleging, among other things:   That Bahde made a verbal lease of the land covered by the mortgage to defendant Hough, by which lease he was to receive one-third of the crop and one-half of the small grain grown on the mortgaged land during the year 1925.   That to secure separate items of indebtedness to them, the total of which approximated $2,200, Bahde executed a mortgage to each of them on all his interest in the crop to be grown on said land in 1925.   That the crop for 1925 will be insufficient to pay the debt due to them and secured by said mortgages.   That under the terms of their mortgages Bahde is required to, and will, if permitted, care for, harvest, and thresh the crop at his own expense.   That if a receiver is appointed, and Bahde is not allowed

to harvest the crop, they will suffer loss and damage, without any benefit and would be deprived of their rights under their mortgage. The prayer to each petition in intervention is that no receiver be appointed, but that Bahde be left in charge of the crop.

To these petitions in intervention a reply was filed, alleging, among other things: That Bahde was solvent and collectible. That he did not owe either intervener. That if interveners persisted in their claim a receiver should be appointed for all Bahde's property and he be compelled to satisfy their claim out of his other property. That a conspiracy existed between Bahde and interveners to defeat respondent's claim. That the mortgages were not executed until April 22, 1925, which is the date they bear record.

Upon a hearing, before trial or judgment, the court made an order appointing a receiver; in which order it is provided: "And it further appearing that the value of the land is less than the amount of the encumbrances against the same, that there are many taxes due and delinquent and that it is necessary and advisable in order to preserve the equity and rights of the respective parties that a receiver be appointed to take charge of said land during the pendency of the action, and to collect the rentals from said land and pay the same to whomsoever the court shall direct * * * ordered that H. L. Norton of Redfield, S. D., be and he is hereby appointed as receiver to take charge of the land described in plaintiff's complaint * * * to lease the same, to collect the rentals therefrom, to pay the taxes from time to time out of the proceeds, to pay insurance on any buildings upon the premises and to preserve the estate during the pendency of this action."

Thereafter a trial was had and the court found, among other things: That the mortgage was $28,000; besides which there were several years interest and about $1,000 in taxes due on the land and unpaid. That the land was not worth the claims against it. That the moving papers for the appointment of a receiver were served on Bahde (owner) and Haug (tenant in possession) on April 21, '25. That the interveners' mortgages were not filed until April 22, '25. That although the interveners' mortgages were dated March 31, '25, it was uncertain from the evidence on what date they were executed. That the debts from Bahde to interveners existed prior to March 31, but no new consideration passed from interveners to Bahde at the time the mortgages were executed. That there

was a verbal lease between Bahde and Haug for the year 1925, by which Bahde was to furnish the seed for the small grain and receive one-half the crop and by which he was to receive one-third of the corn and $100 cash rent for pasture and hay. That Bahde had furnished seed for 173 acres of wheat, 45 acres of oats, and 25 acres of barley, and the same had been sown prior to the service of papers for the appointment of a receiver. That 75 acres of said land had been planted to corn by Hough at a later date.

The court further finds, as finding No. 6, that the usual rental for a landlord, where the landlord does not furnish seed for small grain is one-third; and, where he furnishes the seed, one-half the crop; and, where a landlord furnishes the seed and gets half of the crop, he pays one-half of the twine bill and one-half of the thresh bill.

As conclusions of law, upon these findings, the court concluded: The receiver was entitled to hold one-third of all the crops belonging to the landlord grown upon said premises in 1925 and to collect and hold the $100 cash rent due in the fall of 1925, pending the order of the court, "for the purpose of paying taxes and such other expenses as may be hereinafter determined. And that the receiver shall also pay his proportionate share of the twine bill and thresh bill. That one-sixth of the landlord's share, representing the seed furnished, is subjected and subject to the chattel mortgage liens of the intervenors and they shall have one-sixth interest of the landlord's share of wheat, barley, and oats, they to pay their proportionate share of the twine bill and thresh bill out of the proceeds of said share of the crop. That plaintiff have judgment for his costs and disbursements against the intervenors."

Judgment was entered in accordance with these findings. A motion for new trial was denied, and, from this judgment and order denying a new trial, the interveners have appealed.

■ This foreclosure action was commenced in April, 1925. The summons, complaint, and application for a receiver were not served on defendants Bahde and Hough until April 21, 1925. The crop in controversy therefore was the crop grown and harvested during, and prior to, the expiration of the year of redemption, by Hough, tenant of Bahde, the grantee of the mortgagor. The mortgages of interveners created no lien upon the land. The only thing affected was the owners' interest in the crop of 1925, grown on the

land covered by the mortgage. No waste or damage to the land or buildings is alleged in the pleadings or proved in the evidence.

Bahde, the landlord, was the grantee of the mortgagor, and had the same right of redemption and protection during the year of redemption possessed by the mortgagor or a judgment debtor. Section 2887, Rev. Code 1919, as amended by chapter 164, Laws 1927. Sections 2912 and 2682, Rev. Code 1919.

It is manifest from the entire record that the real question presented here is, May the mortgagee, where the mortgaged land is insufficient to pay the debt, have the rents and profits, accruing during the year of redemption, applied to the payment of insurance on buildings, taxes on the land, interest, or reduction of the mortgage debt through the appointment of a receiver? We have just decided that question in the negative in the case of Knudson v. Powers, 57 S. D. —, 230 N. W. 282, which was handed down April 4, 1930, and in which that question is fully discussed. This case is ruled by the Knudson Case, and no further discussion of the question there decided is needed here.

In the Knudson Case the appointment of a receiver was consented to by the appellant; and we held he was entitled to the compensation fixed by the court. Here the appointment of a receiver was opposed at every stage of the proceeding. His appointment served no useful purpose. It directly interfered with and injured appellants' rights under these chattel mortgages. He should account to interveners for all crop and cash rent coming to the landlord and taken by him and is not entitled to compensation out of the proceeds of the crop. But in view of the recent modification of the rule made in Knudson v. Powers, supra, the circuit court may allow the receiver a reasonable compensation to be paid out of the cash rent due under this lease.

The trial court's finding as to what the custom was, as to division of crop, thresh bill, and twine bill, is not supported by the evidence or within the issues; and his conclusions of law are erroneous. The respondent had no right to or interest in the crop in question. The mortgages offered in evidence by interveners were valid. No receiver should have been appointed under the pleadings and evidence presented, and interveners were entitld to thir costs.

The judgment and order of the trial court are reversed, and

the case is remanded, with directions to enter judgment in conformity with this opinion.

BROWN, P. J., and POLLEY, CAMPBELL, and BURCH, JJ., concur.