JUDY, Respondent, v. RUDEN, State Superintendent of Banks, Appellant.

(241 N. W. 614.)

(File No. 7340. Opinion filed March 7, 1932.)

*R. B. Palmer,* of Woonsocket, and *T. B. Thorson,* Special Counsel, State Banking Department, of Pierre, for Appellant.

*Max Royhl,* of Huron, for Respondent.

WARREN, J. This is an appeal from an order of the circuit court of Sanborn county, made and entered upon plaintiff's application and motion at a hearing had on a show cause order, in which proceeding the entire showing to the court was made by affidavits.

Certain affidavits by the plaintiff and defendant in substance allege that plaintiff was, during all the times covered by this litigation, the owner and holder of a $5,000 first mortgage lien against the premises involved herein, now owned by the Forestburg State Bank. This mortgage was executed by one Frank Smith, dated in 1919, and due in 1924. Later on, the premises became the property of the bank, and in January, 1923, the bank made an extension agreement with the plaintiff extending the maturity of the mortgage to 1934. The consideration for such extension was the agreement on the part of the bank "to pay interest at the rate of 6% per annum, payable annually, on the 1st day of January of each year as long as said Forestburg State Bank shall lawfully hold such property, and the said Forestburg State Bank further agrees to pay the taxes which may be levied against said property as long as they remain the legal holders thereof." The said Forestburg State Bank became insolvent, was closed and taken over by the superintendent of banks, defendant herein, on or about the 14th day of August, 1926, and the property, assets, and affairs of said bank are now in the hands and under the control of said superintendent of banks for the purpose of liquidation.

The plaintiff's position is clearly stated in the affidavit of her attorney, as follows:

"That the said Forestburg State Bank has failed and refused to pay the 1928 real estate tax and subsequent taxes thereto, and the said Forestburg State Bank and its liquidating officers have failed and refused to pay interest on said mortgage indebtedness, and the same is delinquent from and after January 1, 1930. That the said Forestburg State Bank and its liquidating officers lawfully hold said property and do now remain legal holders thereof, and are in possession, and are collecting all rents and profits accruing

therefrom amounting to approximately the sum of One Thousand Dollars per annum.

"That the said Forestburg State Bank is now suspended and has for several years and since about the year 1926 been in the hands of the Superintendent of Banks of the State of South Dakota for purposes of liquidation. That the liquidating officers of said Forestburg State Bank have abandoned said property to the extent that they have refused to further pay taxes and interest thereon and have notified the owner of said mortgage, Isabel M. Judy, to that effect, and further that it is the intention of said bank and its liquidating officers to collect during the period of foreclosure all rents and profits accruing from said property, and to retain the same and to refuse to account to the said Isabel M. Judy for her interest and taxes."

The court issued an order to show cause on the original affidavits of the plaintiff, and thereafter a hearing was had on the order to show cause. From this hearing, the court made its order in favor of the plaintiff and against the defendant, and ordered the defendant "to preserve intact, as a specific fund and trust in the liquidation of said bank, all rents, benefits, and profits from the premises involved in this proceeding," and it further ordered the defendant to disburse said fund by paying the 1930 taxes upon said premises and other taxes that are now due and delinquent, and that the defendant pay to the plaintiff the sum of $300 for interest on her mortgage for the year 1900 which is now due and delinquent and interest thereon. It was further ordered by the court that nothing in its order "shall affect the rights of the plaintiff to foreclose her said mortgage by virtue of the defaults, if any, under the terms and conditions of the mortgage." From this order, the defendant appeals to this court.

It is the appellant's contention that the court erred in making and entering its order. Among the number of assignments of error, we take particular note of the assignment that the court erred in making and entering its order herein requiring appellant to preserve as a trust fund all rents, profits, and benefits received from the mortgaged premises from and after January 1, 1930, and disburse the same by paying interest due respondent on the mortgage debt and delinquent taxes against the mortgaged premises and paying any deficiency after foreclosure, for the reason that,

under the circumstances disclosed by the record of this case, he cannot be required to surrender the title or possession of the mortgaged premises to the respondent prior to foreclosure or during the period of redemption, nor can he be required to apply the rents and profits derived therefrom to pay interest due respondent on the mortgage or taxes against the mortgaged premises.

The respondent, in opposition to appellant's contention, places much stress on the agreement made between the parties extending the time of payment of the indebtedness, contending that this so-called extension agreement was made for a valuable consideration, and they are required to pay the taxes and interest as long as they remain in possession. By an examination of the record, we find a $5,000 real estate mortgage executed in February, 1919, and due in January, 1924. It contains the ordinary recitals found in mortgages upon real estate. It has the usual references to the chapter of the Code of Civil Procedure constituting the power of sale. There is nothing in the mortgage which can in any way be construed as authorizing the mortgagee or its assigns to take possession of the property previous to instituting foreclosure proceedings; an examination of the agreement executed in January, 1923, between the respondent and the Forestburg State Bank, recites matters relating to the real estate mortgage, describes the property, states that the time for payment is extended to January 1, 1934, and that, in consideration for the extension, the Forestburg State Bank agrees to pay the interest payable annually on the 1st day of January of each year as long as the Forestburg State Bank shall lawfully hold said property. The bank agrees to pay the taxes which may be levied against said property as long as they remain the legal holders thereof. It also provides that the principal note and all the stipulations, provisions, and covenants the mortgagee had given to secure the same shall remain in full force and effect, and nothing therein contained shall be construed to impair the security or lien of the holder nor to effect nor impair any right or power which she may have under said note or mortgage for nonfulfillment of said agreement. The above is in substance the contents of the extension agreement.

Considering the promissory note, the mortgage, and the extension agreement together for the purpose of reconciling the views of appellant and respondent, we confess that we cannot share the

views of respondent, and especially in view of the fact that certain statutory provisions and previous decisions of this court compel us to hold in favor of appellant's contention.

Respondent contends that, by virtue of the extension agreement, appellant is required to pay the taxes and interest out of the proceeds from the mortgaged premises as long as the bank remains the holder of the legal title. Such being his contention, it will be necessary to examine the agreement for the purpose of discovering what it contains relative to the respective rights of the parties. An examination of the extension agreement and the mortgage discloses the fact that they are both silent as to possession. Further that the agreement imposes the duty of paying the interest and taxes, but it does not contain a power giving respondent possession of the property or compelling the possession, or rather that the rents and profits out of the property shall be applied upon the taxes and interest. The respondent's and appellant's rights of possession, we believe, will be clarified by the authorities that we shall hereinafter cite.

The appellant contends that he is not required to surrender title or possession of the mortgaged premises to the respondent prior to foreclosure or during the period of redemption. That contention is fully supported by our former decisions, and is the settled law of this state. We have certain statutory provisions embraced within sections 1584, 1558, and 2898 of the 1919 South Dakota Revised Code which indicate that the possession cannot be interfered with prior to foreclosure nor during the period of redemption. A portion of section 1558 reads: "A mortgage does not entitle the mortgagee to the possession of the property, unless authorized by the express terms of the mortgage."

We have particularly emphasized the fact that the mortgage or the extension agreement did not contain such terms, nor is there any language contained in said instruments which would lead one to believe that a change of possession was contemplated. Neither are there any terms of assignment of the rents and profits nor language therein which could be construed to mean an assignment of rents or profits to the respondent. The appellant contends that he cannot be required to apply the rents and profits derived therefrom, for the payment of interest to respondent on the mortgage or taxes assessed against the mortgaged premises is, as we

see it, based on the rule of law of this state that the right of possession of real property carries with it the right to collect and retain the rents and profits accruing therefrom, and the fact that the owner of the premises happens to be an insolvent bank in the course of liquidation should not alter the rule nor the reason for the rule. Kettering v. Barber, 37 S. D. 602, 159 N. W. 133; First National Bank v. Cranmer, 42 S. D. 404, 175 N. W. 881; Knudson v. Powers, 56 S. D. 613, 230 N. W. 282; Farm Mortgage Loan Co. v. Pettet, 51 N. D. 491, 200 N. W. 497, 36 A. L. R. 598.

We fail to find authority, and none is cited by respondent, to support her contention "that it is the bank's obligation to pay the interest and taxes and that it is a direct burden on the land in the nature of a covenant running with the land and that appellant's right to possession and the use of the premises is contingent upon the payment of the interest upon the mortgage and taxes upon the premises." As we view the extension agreement, it is simply a contract obligation on the part of the bank to pay the interest and taxes in accordance with its terms. The mortgage contract and the extension agreement cannot give support to any such doctrine as contended for by respondent. The extension agreement between the parties, as we see it, has not improved the respondent's position over its original position through the mortgage permitting it to receive the rents and profits. That being true, the respondent is governed by the rule of law announced in Knudson v. Powers, 56 S. D. 613, 230 N. W. 282, 285, to the effect that the possession of the mortgaged premises should remain in the holder of the title until after the expiration of the period of redemption.

" 'The rents and profits of real property are the fruits of possession.' Rudolph v. Herman, 4 S. D. 283, 56 N. W. 901, 904; Kettering v. Barber, 37 S. D. 602, 159 N. W. 133. The rents and profits of mortgaged premises accruing prior to the deed on foreclosure belong to the mortgagor. First National Bank of Aberdeen v. Cranmer, 42 S. D. 404, 175 N. W. 881, 882." Knudson v. Powers, supra.

Having reached and decided this case as to the possession of the real property, it necessarily follows that the appellant should not be required to pay the interest and taxes out of the rents and profits. Having disposed of the main issues involved, we feel it

unnecessary to consider or dispose of the other assignments of error.

The order appealed from is hereby reversed.

POLLEY, J., concurs.

CAMPBELL, P. J., and ROBERTS, and RUDOLPH, JJ., concur in the result.