**In re David Lineer ENGSTROM and Pamela Ann Engstrom, Debtors.**

**In re Michael Philip DELL, Debtor.**

**Bankruptcy Nos. 182–00138, 183–00043.**

United States Bankruptcy Court, D. South Dakota.

Oct. 7, 1983.

---

David L. Ganje, Aberdeen, S.D., trustee for David Lineer Engstrom, Pamela Ann Engstrom, and Michael Philip Dell, debtors.

Robert J. Haar and R.P. Murley, Asst. U.S. Attys., for creditor United States of

America, by and through one of its agencies, the Farmers Home Administration.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

### THE FACTS

The Court, with the concurrence of counsel, has agreed to consolidate the above-entitled cases for purposes of this opinion because they involve the same legal issues. The relevant facts are not in dispute. Both cases are Chapter 7 liquidation proceedings filed by farmers where the Farmers Home Administration (FmHA) of the United States Department of Agriculture holds the first mortgage on farm real estate and an assignment of rents and profits from the same property. The Chapter 7 trustee, with the Court's permission, has leased the real estate in question and holds the lease proceeds pending further order of this Court. The FmHA is undersecured under both mortgages.

### THE ISSUES

Counsel for the FmHA question the propriety of the trustee leasing property in a Chapter 7 bankruptcy. The Government further contends that the remedies available to it under an FmHA "form" mortgage are determined by federal, not state, law and, thus, they are not bound by the redemption period mandated under state law. The FmHA claims the lease proceeds under the terms of its mortgage.

The trustee insists that he has the right to lease the farm real estate with the permission of the Court and that the bankruptcy estate has the right to the lease proceeds because South Dakota law prohibits mortgages that contract away a mortgagor's right to rents, profits or redemption. The trustee further argues that because the bankruptcy estate has possession of the real estate, the lease proceeds properly belong to the estate.

### The Mortgage Document

Two paragraphs of the applicable FmHA form mortgage are particularly important to the instant controversy. The first is the sixth paragraph which states:

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement Borrower does hereby mortgage, assign, and warrant unto the Government the following property situated in the State of South Dakota, County(ies) of . . . together with all rights, interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property".

Doubtless, the mortgagors assigned the rents and profits of the mortgaged real estate to the FmHA.

■ The other relevant portion of the applicable FmHA form mortgage is paragraph No. 19 which reads as follows:

Borrower agrees that the Government will not be bound by any present or future State laws; (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may be regulation impose, including the interest rate it may charge, as a condition of ... a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State law. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent, dower, and curtesy.

Clearly, the mortgagors have waived their right to redemption under state law. This does not, however, resolve the question of the legality of paragraph No. 19 under state law.

### Discussion and Analysis

■ There is no merit in the Government's contention that a trustee may not lease real property that is part of a Chapter 7 estate. "The court may authorize the trustee to operate the business of the debtor for a limited period, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate." 11 U.S.C. § 721. The trustee may lease property of the estate pursuant to 11 U.S.C. § 363(c)(1). Section 363 applies to liquidation cases. See 11 U.S.C. § 103(a); H.R. No. 95–595, 95th Cong., 1st Sess. 344 (1977); S.R. No. 95–989, 95th Cong., 2d

Sess. 55 (1978), U.S.Code Cong. & Admin. News 1978, p. 5787.

■ Certainly, absent a request to abandon under 11 U.S.C. § 554, it is in the best interest of the estate for the trustee to lease farm property rather than leave it idle pending an orderly liquidation. Therefore, the trustee not only had the right to lease the farm real estate in question, but acted properly, in the best interest of the estate, and with the Court's permission.

■ The trustee misses his mark when he insists that S.D.C.L. § 44–1–8[1] prevents the FmHA from legally writing a South Dakota mortgage that contracts away a mortgagor's right to rents, profits or redemption. The clear weight of authority requires federal law, not state law, to be applied in determining what remedies are available to the federal government to enforce its mortgages. *United States v. View Crest Garden Apts., Inc.,* 268 F.2d 380 (9th Cir.1959); *United States v. Stadium Apartments, Inc.,* 425 F.2d 358 (9th Cir.1970); *United States v. Thompson,* 438 F.2d 254 (8th Cir.1971); *United States v. Victory Highway Village, Inc.,* 662 F.2d 488 (8th Cir.1981). Federal law does not prevent a mortgagor from waiving his right of redemption in a federal mortgage although state law determines what security interests the Government obtains in its financial transactions. *United States v. Thompson, supra* at 256–57. Therefore, paragraph No. 19 of the FmHA form mortgage waiving certain of the mortgagors' rights, including redemption, is valid and enforceable in South Dakota.

■ The fact that paragraph No. 19 of the FmHA mortgage is valid, however, does not dispose of the question of whether the bankruptcy estate or the FmHA is entitled to the proceeds of the real estate leases. The commencement of a bankruptcy case causes all of the legal and equitable interests of the debtor to become property of the estate. 11 U.S.C. § 541(a)(1). Moreover,

---

1. "All contracts for forfeiture of property subject to a lien in satisfaction of the obligation secured thereby and all contracts in restraint of the right of redemption from a lien are void."

the estate also includes rents and profits from property of the estate. 11 U.S.C. § 541(a)(6).

■ The FmHA's mortgages are security interests under the Bankruptcy Code. 11 U.S.C. § 101(36)(37). "[I]f the debtor and a secured party enter into a security agreement before the commencement of the case and if the security interest created by such security agreement extends to property of the debtor acquired before the commencement of the case and to proceeds, product, offspring, rents, or profits of such property, then such security interest extends to such proceeds, product, offspring, rents, or profits acquired by the estate after the commencement of the case to the extent provided by such security agreement and by applicable nonbankruptcy law ...." 11 U.S.C. § 552(b). This is true whether the security interest arises under Article 9 of the Uniform Commercial Code (U.C.C.) or under a real property mortgage. *See* H.R. No. 95–595, 95th Cong., 1st Sess. 376–77 (1977); S.R. No. 95–989, 95th Cong., 2d Sess. 91 (1978).

■ The proceeds of the leased property are rents and profits of that property and are certainly contemplated by the mortgage in the sixth paragraph. The applicable non-bankruptcy law, however, is not the U.C.C. as S.D.C.L. § 57A–9–104(10) (Supp.1982) [2] excludes "... the creation or transfer of an interest in or lien on real estate, including a lease or rents thereunder ..." from South Dakota's version of Article 9. Rather, applicable nonbankruptcy law appears to be found in the South Dakota common law. Numerous South Dakota cases stand for the

principle that possession of real property carries with it the right to the rents and profits produced by the property. *Judy v. Ruden,* 59 S.D. 527, 241 N.W. 614 (1932); *Harms v. Miller,* 57 S.D. 85, 230 N.W. 766 (1930); *Knudson v. Powers,* 56 S.D. 613, 230 N.W. 282 (1930); *Pratt v. Minahan,* 56 S.D. 611, 230 N.W. 281 (1930); *Kettering v. Barber,* 37 S.D. 602, 159 N.W. 133 (1916); *Rudolph v. Herman,* 4 S.D. 283, 56 N.W. 901 (1893).

■ A recent South Dakota decision stands for the proposition that a mortgagee may, under an assignment of rents and profits, obtain the right to take and keep possession of the mortgaged premises and to collect the resulting rents and profits until his mortgage is foreclosed. *First Federal Sav. and Loan v. Clark Inv. Co.,* 322 N.W. 258, 261 (S.D.1982). Although the FmHA mortgages being considered here allow the mortgagee to take possession and rent the property, at its option with or without notice,[3] the automatic stay mandated by 11 U.S.C. § 362 precludes it from doing so. The applicable provision is 11 U.S.C. § 362(a)(3) which states:

"(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

. . . .

(3) any act to obtain possession of property of the estate or of property from the estate."

■ Although state law allows a mortgagee to enforce an assignment of rents and

---

**2.** S.D.C.L. § 57A–9–104(j) (1980) under the old version of the statute.

**3.** SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be declared a bankrupt or an insolvent, or make an assignment for the benefit of creditors, the Government, at its option with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness ... the Government hereby secured immedi-

ately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein ... by law, and (e) enforce any and all other rights and remedies provided herein or . by present or future law.

profits only until a judgment of foreclosure is entered, thereby preserving the redemption period contemplated by S.D.C.L. § 21–47–13 (*See First Federal Sav. and Loan v. Clark Inv. Co., supra*), this result is not binding on the United States Government. As discussed earlier, federal law determines what remedies are available to the FmHA to enforce its mortgage. Thus, it seems clear that once the FmHA obtains possession of the real estate in question, it is entitled to lease proceeds even subsequent to foreclosure because no redemption period is applicable.

In conclusion, upon examining the applicable federal and state law and by virtue of the sixth paragraph and paragraphs Nos. 17 and 19 of the mortgages, the FmHA is entitled to the proceeds from leases of the farm real estate when and if it obtains possession of the property. Until the FmHA obtains relief from the automatic stay, 11 U.S.C. § 362(d), or the trustee abandons the property, 11 U.S.C. § 554, the trustee stands in the shoes of the debtor and, having possession of the property, is entitled to the lease proceeds. The FmHA, however, subsequent to an abandonment or to receiving relief from the stay, may have a receiver appointed and take possession of the property thereby becoming entitled to any lease proceeds that remain. Further, the FmHA is entitled to continue receiving rents and profits immediately following foreclosure. Accordingly, the lease proceeds in question are to be distributed pro rata between the FmHA and the trustee based on the number of months each possesses the property during the term of the respective leases.

The above constitutes the Court's Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052 and Federal Rule of Civil Procedure 52. Counsel for the Government shall submit an order consistent with this opinion in accordance with Bankruptcy Rule 9021.

DATED at Sioux Falls, South Dakota, this 7th day of October, 1983.